# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL INSURANCE COMPANY, as subrogee of A-R HHC Orlando Convention Hotel, LLC,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-1280-Orl-31GJK**

**TRI CITY ELECTRICAL CONTRACTORS, INC.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 20) filed by the Defendant, Tri City Electrical Contractors, Inc. ("Tri City"). The Plaintiff, Federal Insurance Company ("Federal Insurance"), has not filed a response.

According to the allegations of the Amended Complaint (Doc. 15), which are accepted as true for purposes of resolving this motion to dismiss, Federal Insurance provided property insurance to A-R HHC Orlando Convention Hotel, LLC ("A-R HHC"), which owned a hotel in Orlando. In April 2007, a third party, Welbro Builders, contracted with Tri City on behalf of A-R HHC to install an electrical system at A-R HHC's hotel. In April 2010, an electrical fire and smoke damaged property at the hotel. Federal Insurance contends that the damage resulted from negligence (Count I) and a breach of warranty (Count II) on the part of Tri City. Federal Insurance paid more than $100,000 to A-R HHC for the damages and as a result became subrogated to A-R HHC's rights against Tri City.

Tri City complains that Federal Insurance has failed to properly assert the basis for its right of subrogation, in that it appears to be basing its right on an insurance contract but it has not attached that contract to the Amended Complaint. However, while the Court agrees that under these circumstances attaching a copy of the pertinent contract would be the better practice, Tri City has not cited any rule or precedent that makes such an attachment a prerequisite for a plaintiff in federal court.

Tri City also asserts that Federal Insurance has failed to properly state a claim for breach of warranty. Under Florida law, when a pleader seeks to allege a cause of action based on warranty, the complaint should expressly set forth: (1) facts in respect to sale of the product or other circumstances giving rise to warranty, express or implied, identifying the type of warranties accompanying the pertinent transactions involved; (2) reliance upon the representations by the seller or skill and judgment of the seller where the action is based upon express warranty or warranty of fitness for a particular purpose; (3) circumstances of the injury as caused by the breach of warranty; (4) notice of breach of warranty; (5) injuries sustained and damages. *Weimar v. Yacht Club Point Estates, Inc.*, 223 So.2d 100, 104 (Fla. 4th DCA 1969). The Plaintiff has failed to allege that notice of the breach was provided. In addition, in the Amended Complaint, Federal Insurance asserts that Tri City expressly warranted its materials and workmanship. As a result, to state a cause of action under Florida law, Federal Insurance was obligated to allege that its insured relied upon Tri City's representations or its skill and judgment. Federal Insurance has not made any such allegations.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 20) is **GRANTED IN PART AND DENIED IN PART**. Count II is **DISMISSED WITHOUT PREJUDICE**. If the Plaintiff wishes to file an amended pleading correcting the deficiencies in Count II, it may do so on or before October 24, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 12, 2011.

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party